J. A24036/18

2019 PA Super 329

COMMONWEALTH OF PENNSYLVANIA    :     IN THE SUPERIOR COURT OF
                                      :            PENNSYLVANIA
              v.              :
                                        :
MEGHAN ELIZABETH HAINES,       :         No. 1827 MDA 2017
                                        :
              Appellant     :

Appeal from the Judgment of Sentence, October 27, 2017,
in the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0001204-2017

BEFORE:  OTT, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

OPINION BY FORD ELLIOTT, P.J.E.:         **FILED OCTOBER 30, 2019**

Meghan Elizabeth Haines appeals from the October 27, 2017 judgment of sentence entered by the Court of Common Pleas of Lancaster County following her conviction of two counts of indecent assault of a person less than 13 years of age.[1]  After careful review, we affirm in part and vacate in part.

The trial court provided the following synopsis of the relevant procedural history:

> On July 6, 2017, [appellant] pleaded guilty to two (2) counts of Indecent Assault of a person less than thirteen years of age.  The charges related to incidents between both victims and [appellant] that occurred sometime between 2005 and 2006, when [appellant] was between fourteen and fifteen.  The victim did not disclose the allegations until 2016, when [appellant] was over the age of twenty-one.  Prior to sentencing, [appellant] filed a motion [entitled] "Motion to Bar

---

[1] 18 Pa.C.S.A. § 3126(a)(7).

> Imposition of Megan's Law Registration pursuant to ***Commonwealth v. Muniz***[,"[2]] seeking exclusion from lifetime registration pursuant to SORNA.[[3]] That Motion was denied by [the trial court,] and [appellant] was sentenced to five (5) years['] probation on each charge, to run consecutively.

Trial court opinion, 2/16/18 at 1 (footnote omitted).

Appellant filed a timely notice of appeal to this court on November 27, 2017.[4] The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied with the trial court's order, and the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

> I. Can [appellant] be required to register as a sex offender where SORNA II, enacted February 21, 2018, in an ***ex post facto*** law, which may not be applied to the instant offenses, which were committed in 2005?
>
> The applicable registration law changed after [appellant] was ordered to register; however, the court below held that [appellant] could be required to register under a previous, unspecified version of Megan's Law.

---

[2] ***See Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017).

[3] Sexual Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10-9799.41, amended and replaced by 2018, Feb. 21, P.L. 27, No. 10, § 19, immediately effective. Reenacted 2018, June 12, P.L. 140, No. 29, § 14, immediately effective. 42 Pa.C.S.A. §§ 9799.51-9799.75 (SORNA II).

[4] November 26, 2017 fell on a Sunday. Accordingly, a notice of appeal could be timely filed the following business day. ***See*** 1 Pa.C.S.A. § 1908.

II.    Can [appellant] be required to register as a sex offender where she was a juvenile when the offense occurred in 2005, and registration as a sex offender under those circumstances constitutes cruel and unusual punishment and a violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and Article [I], Section Nine of the Constitution of the Commonwealth of Pennsylvania?

The court below found that despite having committed a sex offense as a juvenile, [appellant] was required to register because she was convicted of the offense as an adult.

Appellant's brief at 4.

In her first issue, appellant challenges the constitutionality of SORNA II. SORNA II, however, did not become effective until June 12, 2018, which was after the trial court imposed appellant's judgment of sentence. Clearly then, appellant was not sentenced under SORNA II. Therefore, appellant's constitutional challenge to SORNA II is not properly before us, and we decline to entertain the challenge.

We will, however, address appellant's second issue in which she contends that requiring her to register as a sexual offender for crimes that she committed as a juvenile in 2005 constitutes cruel and unusual punishment and violates the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution. (Appellant's brief at 32.) "Because this issue presents a question of law, our standard of review is *de novo* and our scope of review is

plenary." ***Commonwealth v. Horning***, 193 A.3d 411, 414 (Pa.Super. 2018), ***appeal denied***, 204 A.3d 370 (Pa. 2019), citing ***Commonwealth v. Lee***, 935 A.2d 865, 876 (Pa. 2007).

In ***In re J.B.***, 107 A.3d 1 (Pa. 2014), our supreme court addressed the issue of whether the imposition of lifetime registration requirements pursuant to SORNA on juvenile offenders adjudicated delinquent of certain crimes constituted a violation of juvenile offenders' due process rights through the use of an irrebuttable presumption – the risk of reoffending. ***Id.*** at 14. We recognize that ***J.B.*** was decided before ***Muniz***, which clearly holds that application of SORNA to sex offenders who committed their crimes prior to SORNA's enactment constitutes an ***ex post facto*** violation. ***Muniz***, 164 A.3d at 1223. The issue we now consider is whether ***J.B.*** applies to criminal defendants who committed their crimes as juveniles, but were convicted as adults. We hold that it does.

In ***J.B.***, the court examined SORNA as applied to seven juveniles adjudicated delinquent for sexual offenses. ***Id.*** at 2-3. The consolidated cases arose from a determination by York County Court of Common Pleas Judge John C. Ulher that the SORNA registration requirements, as applied to juveniles, were unconstitutional. ***Id.*** at 10. In agreeing with the trial court's decision, our supreme court also reviewed and credited scientific research that concluded that, unlike adult sexual offenders, juveniles exhibit lower levels of

recidivism, a fundamental underpinning to the registration requirements of SORNA.

> We additionally agree with the Juveniles' assertion and the trial court's holding that SORNA's presumption that sexual offenders pose a high risk of recidivating is not universally true when applied to juvenile offenders. As credited by the trial court, studies suggest that many of those who commit sexual offenses as juveniles do so as a result of impulsivity and sexual curiosity, which diminish with rehabilitation and general maturation. *See* Tr. Ct. Op. at 17-18; *see also* Halbrook, Amy, *Juvenile Pariahs,* 65 Hastings L.J. 1, 11–12 (2013).

*Id.* at 17.

Additionally, the *J.B.* court looked to the United States Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460, 465 (2012), in which the High Court held that mandatory sentences of life imprisonment without the possibility of parole for homicide defendants under 18 years of age at the time the crime was committed was unconstitutional. This decision in *Miller* was based on the inherent understanding of the fundamental differences between adults and children, children's lack of maturity, and their underdeveloped sense of responsibility leading to recklessness, impulsivity, and heedless risk-taking. *Id.* at 471 (citation omitted).

The *J.B.* court relied on this rationale from *Miller* to corroborate the scientific research involving juveniles and their brain development and stated:

> Pennsylvania has long noted the distinctions between juveniles and adults and juveniles' amenability to rehabilitation. Pennsylvania utilizes courts which are specifically trained to address the distinct issues

> involving youth, and are guided by the concepts of balanced and restorative justice. Indeed, these goals are evident in the introductory section of the Juvenile Act, which instructs that the Act must be construed as follows:
>
> > to provide for children committing delinquent acts programs of supervision, care and rehabilitation which provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable children to become responsible and productive members of the community.
>
> 42 Pa.C.S.[A.] § 6301(b)(2). While our courts are mandated to be always watchful of juveniles' rehabilitation, while also providing accountability to the victim and society, SORNA's automatic registration removes the juvenile judges' ability to consider the rehabilitative prospects of individual juvenile sexual offenders.

*Id.* at 18 (footnote omitted).

The court then went on to conclude that with respect to juveniles, "SORNA's registration requirements improperly brand all juvenile offenders' reputations with an indelible mark of a dangerous recidivist, even though the irrebuttable presumption linking adjudication of specified offenses with a high

likelihood of recidivating is not 'universally true.'" **Id.** at 19 (citation omitted).[5]

Returning to the instant case, appellant was 14 years of age at the time she committed the sexual offenses. Clearly, under **J.B.**, had she been adjudicated delinquent at that time, no registration requirement would apply to her. Appellant's subsequent conviction of the sexual offenses when she was an adult does not diminish the fact that she was a juvenile at the time of their commission, and because of that, she should not be held to an irrebuttable presumption of reoffending at age 26. **J.B.** requires us to analyze appellant's behavior at the time the offenses were committed. For these reasons, we find that the **J.B.** court's holding should apply with equal weight to juvenile adjudications as well as to defendants convicted as adults for crimes committed as juveniles.

Judgment of sentence vacated in part and affirmed in part. Jurisdiction relinquished.

---

[5] We note that SORNA II mandates individualized assessments for juveniles adjudicated delinquent of certain crimes and who are committed to an institution nearing their 20th birthday to determine whether continued involuntary civil commitment is necessary. **Id.** at 19; **see** 42 Pa.C.S.A. § 9799.58(h). The **J.B.** court further noted that, "[a] similar process could be utilized to assess which juvenile offenders are at high risk to recidivate." **J.B.**, 107 A.3d at 19.

J. A24036/18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/2019