J. A24045/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :            PENNSYLVANIA
             v.                 :
                                           :
IVAN ZOOK,                         :            No. 1399 MDA 2017
                                           :
                     Appellant      :

Appeal from the Judgment of Sentence, August 7, 2017,
in the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0004635-2016

BEFORE:  OTT, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED NOVEMBER 18, 2019**

Ivan Zook appeals from the August 7, 2017 judgment of sentence entered in the Court of Common Pleas of Lancaster County after he entered guilty pleas to one count each of rape and indecent assault of persons less than 13 years of age and two counts each of indecent assault of persons less than 16 years of age and incest.[1]  In light of our recent decision in ***Commonwealth v. Haines***, \_\_\_ A.3d \_\_\_, 2019 PA Super 329 (Pa.Super. filed October 30, 2019), we affirm in part and vacate in part.

The trial court set forth the following:

> [Appellant] (D.O.B. 02/04/1992) committed his crimes between the years of 2005 and 2007 against [the minor female victims born in June 2000 and October 1998].  [Appellant] was sentenced to an aggregate term of two (2) to six (6) years of

---
[1] 18 Pa.C.S.A. §§ 3121(c), 3126(a)(7), 3126(a)(8), and 4302, respectively.

> incarceration and a consecutive term of two (2) years of probation. At the time of his sentencing, [appellant] was notified that he would be required to register as a sex offender for his lifetime pursuant to [Pennsylvania's Sex Offender Registration and Notification Act (SORNA),] 42 Pa.C.S.A. §§ 9799.10 et seq. Prior to that sentencing, [appellant] had filed a memorandum seeking to be excluded from sex offender registration requirements. [Appellant] renewed that request in a timely post-sentence motion that was denied on September 5, 2017. [Appellant] filed his notice of appeal on September 6, 2017.

Trial court opinion, 10/30/17 at 2.

The record reflects that the trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied.

Appellant raises the following issue for our review:

> Whether the trial court erred in denying appellant's post sentence motion to strike the imposition of the registration and verification requirements under [SORNA]?

Appellant's brief at 4 (full capitalization omitted).

"Because this issue presents a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Horning*, 193 A.3d 411, 414 (Pa.Super. 2018).

In *Haines*, we recently held that our supreme court's holding in *In re J.B.*, 107 A.3d 1 (Pa. 2014), that imposition of lifetime registration requirements pursuant to SORNA on juvenile offenders adjudicated delinquent of certain crimes constitutes a violation of the juvenile offenders' due process

rights through the use of the irrebuttable presumption of the risk of reoffending, applies to those defendants who committed their offenses as juveniles but were convicted as adults. *Haines*, *supra*. Here, appellant was 13, 14, and 15 years old when he committed the sexual offenses. Like the defendant in *Haines*, had appellant been adjudicated delinquent at that time, no registration requirements would have applied to him. Also like the defendant in *Haines*, appellant's subsequent conviction of the sexual offenses when he was an adult does not diminish the fact that he was a juvenile when he committed the offenses and, consequently, that he should not be held to an irrebuttable presumption of reoffending at age 25. Therefore, we vacate that part of appellant's sentence that required him to register as a sex offender for his lifetime pursuant to SORNA.

Judgment of sentence vacated in part and affirmed in part. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2019