J-S10030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHESTER K. LANTZ | : | |
| | : | |
| Appellant | : | No. 1570 MDA 2019 |

Appeal from the Judgment of Sentence Entered May 30, 2019,
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s):  CP-36-CR-0004142-2018.

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MAY 07, 2020**

Chester K. Lantz appeals from the judgment of sentence imposed after he entered an open plea to various sex offenses he committed when he was a juvenile.  We affirm in part and vacate in part.

The pertinent facts and procedural history are as follows.  On July 2, 2018, the Commonwealth charged Lantz with two counts of statutory sexual assault and one count of sexual assault.[1]  These charges resulted from Lantz's interaction with the two minor victims between January 1, 2009, and January 1, 2012.  At that time, Lantz was between the ages of fifteen and seventeen years of age.

---

[1] 18 Pa.C.S.A. §§ 3122.1 and 3124.1, respectively.

When Lantz entered his plea, the trial court granted the Commonwealth's motion to have Lantz undergo an assessment by the Sexual Offenders Assessment Board ("SOAB") to determine whether he should be designated a Sexually Violent Predator ("SVP"). On March 8, 2019, Lantz filed a motion in opposition to the SVP evaluation and hearing, as well as a motion to exclude him from registration under Subchapter I of the Sex Offender Registration and Notification Act ("SORNA II"). 42 Pa.C.S.A. § 9799.52. After receiving briefs from the parties, the trial court, on May 30, 2019, denied Lantz's motion in opposition to the SVP evaluation because the SOAB had already determined that he was not an SVP. In addition, the trial court granted Lantz's motion to exclude Lantz from registering under SORNA II, but determined that Lantz would register pursuant to Megan's Law II. Act 18 of 2000, 200 Pa. ALS 18, S.B. 380. That same day, the trial court sentenced Lantz to an aggregate sentence of 1½ to 5 years of imprisonment in a state correctional facility. This timely appeal followed. Both Lantz and the trial court have complied with Pa.R.A.P. 1925.

Lantz raises the following issue on appeal:

> A. Whether the trial court erred by ordering [Lantz] must register under Megan's Law II, [] where that Act expired December 20, 2012?

Lantz's Brief at 3.

In its Rule 1925(a) opinion, the trial court explained why it deemed Subchapter I of SORNA II unconstitutional and why it determined that Lantz

must register under Megan's Law II. **See** Trial Court Opinion, 10/22/19 at 2-10. In this appeal, Lantz essentially claims that he cannot be required to register under Megan's Law II because that statute expired when the Pennsylvania legislature enacted SORNA in 2012.[2] **See** Lantz's Brief at 7.

We need not decide this issue, because Pennsylvania precedent establishes that a defendant cannot be required to register as a sex offender if he was a juvenile at the time he committed his offenses. **Commonwealth v. Haines**, 222 A.3d 756 (Pa. Super. 2019). The Commonwealth concedes that, pursuant to **Haines**, "[d]efendants who were juveniles at the time they committed the sexual offenses are no longer required to register." Commonwealth's Brief at 2.

In **Haines**, the defendant, in 2017, pled guilty to two counts of indecent assault of a person less than thirteen years of age, relating to incidents that occurred with the victim in 2005 and 2006, when the defendant was between the ages of fourteen and fifteen. The victim did not disclose the assaults until 2016, when the defendant was over the age of twenty-one. Prior to sentencing, the defendant filed a motion to bar SORNA's registration requirements, which the trial court denied. The court then imposed an aggregate ten-year probationary term and required the defendant to register "under a previous, unspecified version of Megan's Law." **Haines**, 222 A.3d at 757.

---

[2] **See** 42 Pa.C.S.A. §§ 9799.10-9799.41.

On appeal, the defendant asserted that requiring her to register as a sex offender for offenses she committed as a juvenile constituted cruel and unusual punishment and, therefore, violated the due process clauses of both the state and federal constitutions.[3]  We agreed, and addressed the issue as follows:

> In **In re J.B.**, 630 Pa. 408, 107 A.3d 1 (2014), our Supreme Court addressed the issue of whether the imposition of lifetime registration requirements pursuant to SORNA on juvenile offenders adjudicated delinquent of certain crimes constituted a violation of juvenile offenders' due process rights through the use of an irrebuttable presumption—the risk of reoffending.  **Id.** at 14.  We recognize that **J.B.** was decided before [**Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017)], which clearly holds that application of SORNA to sex offenders who committed their crimes prior to SORNA's enactment constitutes an *ex post facto* violation.  **Muniz**, 164 A.3d at 1223.  The issue we now consider is whether **J.B.** applies to criminal defendants who committed their crimes as juveniles, but were convicted as adults.  We hold that it does.

**Haines**, 222 A.3d at 757-58.

We then quoted from **J.B.** wherein the High Court "reviewed and credited scientific research that concluded that, unlike adult sexual offenders, juveniles exhibit lower levels of recidivism, a fundamental underpinning to the registration requirements of SORNA."  **Haines**, 222 A.3d at 758 (citing **J.B.**, 107 A.3d at 17).  The **Haines** court also noted that our Supreme Court in **J.B.**

_____

[3] The trial court in this case is the same as the court involved in **Haines**, **supra**.  In **Haines**, the defendant first challenged the constitutionality of SORNA II; we did not address this issue there because the trial court sentenced the defendant prior to SORNA II's effective date.

referenced the United States Supreme Court's decision in **Miller v. Alabama**, 567 U.S. 460 (2012), to corroborate an "inherent understanding of the fundamental differences between adults and children[.]" **Haines**, 222 A.3d at 758 (citing **Miller**, 567 U.S. at 471).

This Court in **Haines** then cited our Supreme Court's conclusion in **J.B.**, and explained why the same rationale applied to the defendant:

> [In **J.B.**, our Supreme Court] then went on to conclude that with respect to juveniles, "SORNA's registration requirements improperly brand all juvenile offenders' reputations with an indelible mark of a dangerous recidivist, even though the irrebuttable presumption linking adjudication of specified offenses with a high likelihood of recidivating is not 'universally true.'" [**J.B.**, 107 A.3d at 19] (citation omitted).
>
> Returning to the instant case, [the defendant] was 14 years of age at the time she committed the sexual offenses. Clearly, under **J.B.**, had she been adjudicated delinquent at that time, no registration requirement would apply to her. [The defendant's] subsequent conviction of the sexual offenses when she was an adult does not diminish the fact that she was a juvenile at the time of their commission, and because of that, she should not be held to an irrebuttable presumption of reoffending at age 26. **J.B.** requires us to analyze [the defendant's behavior at the time the offenses were committed. For these reasons, we find that the **J.B.** court's holding should apply with equal weight to juvenile adjudications as well as to defendants convicted as adults for crimes committed as juveniles,

**Haines**, 222 A.3d at 759 (footnote omitted). We therefore affirmed the defendant's judgment of sentence in part and vacated it part.

Here, Lantz was between the ages of 15 and 17 when he committed the sex offenses for which he was convicted. As in **Haines**, the fact that he was

not charged and convicted until he had achieved adulthood, does not diminish the fact that he was a juvenile at the time of their commission. Thus, although we affirm Lantz's prison sentence, we vacate his judgment of sentence insofar as it required him to register under Megan's Law II.

Judgment of sentence vacated in part and affirmed in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/7/2020