J-A12013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KARL ANTHONY BABLE | : | |
| | : | |
| Appellant | : | No. 1669 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 4, 2019
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0002268-2018

BEFORE:  KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                           **FILED JUNE 2, 2020**

Appellant, Karl Anthony Bable, appeals from the judgment of sentence of nine months to two years less one day of confinement followed by three years of probation, which was imposed after he pleaded guilty to indecent assault - complainant is less than 13 years of age.[1]  The trial court also ordered Appellant to register and to report as a sexual offender for ten years.  We vacate this registration and reporting requirement but affirm Appellant's judgment of sentence in all other respects.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  *See* Trial Court Opinion, dated

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3126(a)(7).

December 30, 2019, at 2-3. Therefore, we have no reason to restate them.

Following the denial of his post-sentence motions, Appellant filed this timely

direct appeal on November 8, 2019.[2]

Appellant presents the following issues for our review:

Is it a clearly unreasonable application of the Sentencing Guidelines under the circumstances and an abuse of the trial court's sentencing discretion to sentence an adult male to a nine (9) month minimum term of imprisonment at the upper limit of the applicable sentencing guidelines of RS to 9 months for a conviction of Indecent Assault when the adult's conviction was for an offense committed when the adult male was a juvenile?

Is it unconstitutional under the federal and state due process of law guarantees and the federal and state constitutional prohibitions of ex post facto laws to require an adult to register as a sexual offende[r] when the adult was convicted of a sexual offense which was committed when the adult was a juvenile?

Appellant's Brief at 5 (trial court's answers omitted).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Manivannan***, 186 A.3d 472, 489 (Pa. Super. 2018)

(quotation marks and some citations omitted), *reargument denied* (July 7,

---

[2] Appellant filed his statement of errors complained of on appeal on November 25, 2019. The trial court entered its opinion on December 30, 2019.

2018). In the current case, Appellant filed a timely notice of appeal and preserved his issue in a post-sentence motion, and his brief includes a statement pursuant to Pa.R.A.P. 2119(f) ("Rule 2119(f) Statement"). Appellant's Brief at 12-13. The final requirement, whether the question raised by Appellant is a substantial question meriting our discretionary review, "must be evaluated on a case-by-case basis." *Manivannan*, 186 A.3d at 489. In his Rule 2119(f) Statement, Appellant argues:

> The imposition on an adult convicted of a sexual offense with a child committed when the now adult was a juvenile of a minimum sentence of imprisonment of nine months at the upper limit of the Sentencing Guidelines of RS to 9 months is an inappropriate sentence under the Sentencing Guidelines and a clearly unreasonable application of the Guidelines the sentencing court failed to consider the differences in brain development between juveniles and adults and because the Sentencing Court stated its opinion in sentencing that the sexual offense that was committed is the type of offense which results in a jail sentence and expressed the concern that a person who commits a sexual offense with a child is likely to do such acts repeatedly in the future.

Appellant's Brief at 12. However, Appellant fails to present – and our research has failed to uncover – any case law where a contention that a court sentenced a defendant as an adult for a crime committed when he was a juvenile raises a substantial question. *See id.* at 12-13 (no law cited within Rule 2119(f) Statement). Additionally, this Court has repeatedly held that a claim that a trial court failed to consider an appellant's age when imposing a sentence does not raise a substantial question. *Commonwealth v. Cannon*, 954 A.2d 1222, 1228–29 (Pa. Super. 2008) (claim that trial court failed to consider the defendant's rehabilitative needs, age, and educational background did not

present a substantial question); **Commonwealth v. Eline**, 940 A.2d 421, 435 (Pa. Super. 2007) (appellant's argument that "trial court failed to give adequate consideration" to his health and age in fashioning his sentence did not raise a substantial question); **Commonwealth v. Cleveland**, 703 A.2d 1046, 1048 (Pa. Super. 1997) (appellant's assertion that sentencing court failed to consider his youth did not present "a colorable argument that a substantial question exist[ed]"). Consequently, Appellant's argument in his Rule 2119(f) Statement fails to raise a substantial question, and, ergo, he has not preserved his challenge to the discretionary aspects of sentencing. **See Manivannan**, 186 A.3d at 489.

As for Appellant's remaining challenge that the trial court erred in directing Appellant be required to register and to report as a sexual offender for ten years, we agree. Pursuant to **Commonwealth v. Haines**, 222 A.3d 756 (Pa. Super. filed October 30, 2019), which was decided after Appellant's sentencing on September 4, 2019, a defendant who was a juvenile at the time he or she committed sexual offenses is not required to register as a sexual offender, despite being convicted of those sexual offenses as an adult. Accordingly, we vacate the sexual offender registration requirement imposed upon Appellant by the trial court.

Sexual offender registration requirement vacated. Judgment of sentence affirmed in all other respects.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2020