J-S38044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DWAYNE ALLEN ROACH | : | |
| | : | |
| Appellant | : | No. 198 MDA 2020 |

Appeal from the PCRA Order Entered January 9, 2020
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005454-2017

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED SEPTEMBER 15, 2020**

Appellant, Dwayne Allen Roach, appeals from the order entered in the Court of Common Pleas of York County dismissing without a hearing his timely first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  On appeal, Appellant contends he is due relief from an illegal sentence requiring that he register for life as a sex offender under the Sexual Offender Registration and Notification Act ("SORNA")[1] for offenses he committed as a juvenile.  For their parts, both the PCRA court and the Commonwealth agree that the lifetime registration requirement makes

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Sexual Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10-9799.41, amended and replaced by 2018, Feb. 21, P.L. 27, No. 10, § 19, immediately effective. Reenacted 2018, June 12, P.L. 140, No. 29, § 14, ("SORNA II"), immediately effective. 42 Pa.C.S.A. §§ 9799.51-9799.75.

Appellant's sentence illegal under controlling authority. After careful review, we reverse and remand.

At some time from October 1, 2011 to November 30, 2011, when Appellant was 15 years old, he committed acts of sexual abuse against his two younger cousins. The incident was reported on November 3, 2016, and the two victims were interviewed, which led to Appellant's confession, arrest, and eventual open guilty plea on May 30, 2018.

After the Sexual Offenders Assessment Board determined Appellant was a non-Sexual Violent Predator ("non-SVP"), the court conducted a sentencing hearing, wherein it imposed an aggregate sentence of four to eight years' incarceration. The court also sentenced Appellant to pay costs and to comply with SORNA lifetime registration requirements. Appellant filed no post-sentence motion or direct appeal.

On March 13, 2019, Appellant, *pro se*, filed a timely first PCRA petition, and the PCRA court appointed counsel to assist him in preparing an amended PCRA petition. Counsel, however withdrew due to a conflict, and the PCRA court appointed replacement counsel on June 10, 2019. On July 23, 2019, counsel filed an amended PCRA petition raising issues other than the illegal sentencing issue presently before this Court. On January 8, 2020, after having issued its notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 more than twenty days earlier, the PCRA court dismissed Appellant's petition without a hearing.

Appellant filed both a timely Notice of Appeal on January 24, 2020, and a court-ordered concise statement of matters complained of on appeal under Pa.R.A.P. 1925(b) on February 10, 2020. In both Appellant's concise statement and his subsequent brief, he asks the following question for our review:

> Was [Appellant's] sentence, which required him to register as a sex offender for life under SORNA, legal as **In Re J.B.** and **Commonwealth v. Haines** hold that applying lifetime registration to a juvenile offender is illegal and SORNA holds that sex offender registration requirements are part of a criminal sentence[?]

Appellant's brief, at 4.

> Our standard of review is well-settled:
>
> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

**Commonwealth v. Reyes–Rodriguez**, 111 A.3d 775, 779 (Pa. Super. 2015) (internal citations and quotations omitted).

In Appellant's only issue, he contends his sentence is rendered illegal by its requirement that he register for life as a sex offender, because he was a juvenile when he committed the offenses to which he pleaded guilty. This claim was not presented to or addressed by either the trial court or the PCRA court. **See** Pa.R.A.P. 302(a) (providing that issues not raised in the lower

court are waived and cannot be raised for the first time on appeal). A challenge to the legality of a sentence, however, is never waived so long as a court has jurisdiction to address the claim, *see Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005), and it is not disputed that we have jurisdiction over Appellant's present appeal.[2] Issues relating to the legality of a sentence are reviewed *de novo,* and our scope of review is plenary. *Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa. Super. 2013).

In support of his position Appellant refers to this Court's 2019 decision in *Commonwealth v. Haines*, 222 A.3d 756 (Pa. Super. 2019). In *Haines*, the Superior Court determined that the Supreme Court of Pennsylvania's holding in *In re J.B.*, 107 A.3d 1 (Pa. 2014) striking down as unconstitutional SORNA's lifetime registration provision as applied to juveniles "should apply with equal weight to juvenile adjudications as well as to defendants convicted as adults for crimes committed as juveniles." *Haines*, at 7.

Like the defendant in *Haines*, Appellant was a juvenile (approximately 15 years of age) when he committed his sexual offenses and was convicted of those crimes as an adult. While application of SORNA to Appellant's case at

---

[2] *See also Commonwealth v. McIntyre*, --- A.3d ----, 2020 WL 3244339, at **6-8 (Pa. June 16, 2020) (holding waiver principles did not apply to prevent PCRA petitioner from challenging legality of sentence based on provision later determined to be unconstitutional, even though petitioner had failed to raise such challenge prior to PCRA appeal to Superior Court; statute was void on its face, as if it never existed, and court possessed no other authority to enter the imposed sentence).

the time of his sentencing required that he register as a sex offender for his lifetime, the **Haines** decision which followed compels the conclusion that the portion of Appellant's sentence mandating lifetime registration as a sex offender is illegal.

On this point, the trial court, the Commonwealth, and Appellant agree with Appellant, and we likewise construe controlling authority to invalidate his sentence to the extent it includes lifetime registration. Because Appellant was a juvenile at the time he committed his crimes, he cannot be required to register under SORNA. We accordingly remand for the trial court to vacate that part of his sentence requiring him to register as a sex offender.

Order reversed. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2020