J-S73005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON HOOVER SENSENIG | : | |
| | : | |
| Appellant | : | No. 939 MDA 2019 |

Appeal from the Judgment of Sentence Entered May 8, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000071-2017

BEFORE: SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: **FILED: OCTOBER 30, 2020**

Appellant, Jason Hoover Sensenig, appeals from the judgment of sentence entered following his conviction of indecent assault of a person less than thirteen years of age.[1] We affirm in part and vacate in part.

The trial court set forth the relevant history of this case as follows:

> The underlying facts, as acknowledged by [Appellant], are that between January 1, 2010 and December 31, 2011, [Appellant], who was between the ages of fifteen (15) and seventeen (17), touched the vagina of the victim, who was between the ages of ten (10) and twelve (12).[1] The victim did not disclose the sexual assault until 2016 and charges were not filed until [Appellant] was over the age of twenty-one (21).[2] On May 23, 2017, [Appellant] pled guilty to indecent assault of a person less than thirteen (13) years of age.[3] Sentencing was deferred pending an assessment by the Sexual Offender's Assessment Board, which determined that [Appellant] was not a sexually violent predator.[4] Pursuant to the negotiated plea agreement, [Appellant] was sentenced on September 14, 2017 to a split-

_____

[1] 18 Pa.C.S. § 3126(a)(7).

sentence of six (6) to twenty-three (23) months of house arrest and a consecutive three (3) years of probation.[5] [Appellant] was initially directed to comply with the lifetime reporting requirements applicable pursuant to the Sex Offender Registration and Notification Act ("SORNA").[6] Following the filing of a post-sentence motion, [Appellant] was resentenced on November 30, 2017 to a ten (10) year registration period, which was the registration period applicable at the time he committed the offense, and the reporting requirements applicable pursuant to Megan's Law II.[7]

> [1] N.T. Guilty Plea, 05/23/17, p. 6; N.T. Re-Sentencing, 11/30/17, p. 2.
> [2] See, Brief in Opp. To Def.'s Mot. to Order No Registration Pursuant to 42 PA.C.S. § 97.9910 ET. SEQ., 06/14/17, § I.
> [3] N.T. Guilty Plea, 05/23/17, p. 3.
> [4] N.T. Guilty Plea, 05/23/17, p. 2; N.T. Sentencing, 09/14/17, p. 2.
> [5] N.T. Sentencing, 09/14/17, pp. 4-5.
> [6] N.T. Sentencing, 09/14/17, pp. 5-8.
> [7] N.T. Re-Sentencing, 11/30/17, pp. 2-3; Opinion, 10/30/17, pp. 2-3.

[Appellant] filed a direct appeal. On October 22, 2018, the Superior Court of Pennsylvania vacated the imposition of Megan's Law III registration and reporting requirements, despite [Appellant] never having been sentenced to such, and remanded for a determination as to what, if any, registration provisions apply in this case.[8] Therefore, on May 8, 2019, [Appellant] was again resentenced and directed to comply with the sex offender registration and reporting requirements currently applicable to [Appellant] pursuant to [SORNA II,] the Act of June 12, 2018, P.L. 1952, No. 29 (now codified at 42 Pa.C.S.A. §§ 9791-9799.70).[9]

> [8] See, Memorandum, 141 MDA 2018, 10/22/18.
> [9] N.T. 5/8/19, pp. 10, 13.

[Appellant] filed a post-sentence motion on May 10, 2019, which was denied by Order dated June 4, 2019. [Appellant] filed the instant notice of appeal on June 7, 2019.

Trial Court Opinion, 8/30/19, at 1-3. Both Appellant and the trial court complied with Pa.R.A.P. 1925. We observe that the Commonwealth declined to file a brief in this matter.

Appellant presents the following issues for our review:

A. WHETHER THE IMPOSITION OF THE TEN YEAR REPORTING AND REGISTRATION REQUIREMENTS OF 42 Pa.C.S.A. §9799.51 UPON THIS DEFENDANT WHO COMMITTED THE PREDICATE OFFENSE WHEN HE WAS LESS THAN 18 YEARS OF AGE WAS UNCONSTITUTIONAL SINCE IT VIOLATED HIS DUE PROCESS RIGHTS BY RELYING ON AN IRREBUTTABLE PRESUMPTION?

B. WHETHER REQUIRING THE DEFENDANT TO REPORT AND REGISTER PURSUANT TO 42 Pa.C.S. §9799.51 WHEN HE WOULD NOT HAVE BEEN REQUIRED TO REPORT AND REGISTER IF ADJUDICATED DELINQUENT ESTABLISHED A CLASSIFICATION WHICH IS UNREASONABLE AND DENIES HIM THE EQUAL PROTECTION OF THE LAWS UNDER BOTH THE PENNSYLVANIA AND UNITED STATES CONSTITUTIONS?

C. WHETHER REQUIRING THE DEFENDANT TO REPORT AND REGISTER PURSUANT TO 42 Pa.C.S.A. §9799.51 IS AN ILLEGAL AND UNCONSTITUTIONAL EX POST FACTO LAW?

Appellant's Brief at 4 (verbatim).

In his first issue, Appellant argues that the reporting and registration requirements of SORNA II were unconstitutionally imposed upon him. Appellant's Brief at 12-15. Appellant contends that application of the SORNA II registration requirements violates his due-process rights because, although he was charged and convicted when he was an adult, he committed his crimes while he was a juvenile. *Id*. We are constrained to agree.

We note that "application of a statute is a question of law ... our standard of review is plenary, [and] our standard of review is limited to a

- 3 -

determination of whether the trial court committed an error of law." **Commonwealth v. Baird**, 856 A.2d 114, 115 (Pa. Super. 2004) (citation omitted). Thus, our review is non-deferential. **Commonwealth v. Lutz-Morrison**, 143 A.3d 891, 894 (Pa. 2016).

Pennsylvania precedent establishes that a defendant cannot be required to register as a sex offender if he was a juvenile at the time he committed his offenses. **Commonwealth v. Haines**, 222 A.3d 756 (Pa. Super. 2019). In **Haines**, the defendant was in her mid-twenties when she pled guilty to two counts of indecent assault of a person less than thirteen years of age. **Id**. Those charges related to incidents that occurred when the defendant was between the ages of fourteen and fifteen. **Id**. The victim did not disclose the assaults until the defendant was over the age of twenty-one. **Id**. Prior to sentencing, the defendant filed a motion to bar the applicable registration requirements, which the trial court denied. **Id**. at 756-757. The court then imposed an aggregate ten-year probationary term and required the defendant to register "under a previous, unspecified version of Megan's Law." **Id**. at 757.

On appeal, the defendant asserted that requiring her to register as a sex offender for offenses she committed as a juvenile constituted cruel and unusual punishment and, therefore, violated the due process clauses of both the state and federal constitutions. **Haines**, 222 A.3d at 757. We agreed and addressed the issue as follows:

In **In re J.B.**, 630 Pa. 408, 107 A.3d 1 (2014), our Supreme Court addressed the issue of whether the imposition of lifetime registration requirements pursuant to SORNA on juvenile offenders adjudicated delinquent of certain crimes constituted a violation of juvenile offenders' due process rights through the use of an irrebuttable presumption—the risk of reoffending. **Id**. at 14. We recognize that **J.B.** was decided before [**Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017)], which clearly holds that application of SORNA to sex offenders who committed their crimes prior to SORNA's enactment constitutes an *ex post facto* violation. **Muniz**, 164 A.3d at 1223. The issue we now consider is whether **J.B.** applies to criminal defendants who committed their crimes as juveniles, but were convicted as adults. We hold that it does.

**Haines**, 222 A.3d at 757-758.

The **Haines** Court then cited our Supreme Court's conclusion in **J.B.**, and explained why that rationale applied to the defendant:

[In **J.B.**, our Supreme Court] then went on to conclude that with respect to juveniles, "SORNA's registration requirements improperly brand all juvenile offenders' reputations with an indelible mark of a dangerous recidivist, even though the irrebuttable presumption linking adjudication of specified offenses with a high likelihood of recidivating is not 'universally true.'" [**J.B.**, 107 A.3d at 19] (citation omitted).

Returning to the instant case, [the defendant] was 14 years of age at the time she committed the sexual offenses. Clearly, under **J.B.**, had she been adjudicated delinquent at that time, no registration requirement would apply to her. [The defendant's] subsequent conviction of the sexual offenses when she was an adult does not diminish the fact that she was a juvenile at the time of their commission, and because of that, she should not be held to an irrebuttable presumption of reoffending at age 26. **J.B.** requires us to analyze [the defendant's] behavior at the time the offenses were committed. For these reasons, we find that the **J.B.** court's holding should apply with equal weight to juvenile adjudications as well as to defendants convicted as adults for crimes committed as juveniles.

**Haines**, 222 A.3d at 759 (footnote omitted).

Here, Appellant was between the ages of fifteen and seventeen when he committed the offense for which he was convicted. As the defendant in **Haines**, had Appellant been adjudicated delinquent at that time, no registration requirements would have applied to him. Also like the defendant in **Haines**, Appellant's subsequent conviction of the sexual offense when he was an adult does not diminish the fact that he was a juvenile when he committed the offenses and, consequently, that he should not be held to an irrebuttable presumption of reoffending as an adult. Thus, we affirm Appellant's sentence of confinement and probation, and we vacate the portion of Appellant's judgment of sentence that required him to register as a sex offender.[2]

Judgment of sentence affirmed in part and vacated in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/2020

---

[2] In light of our disposition granting Appellant relief pursuant to his first issue, we need not address his remaining issues.