J-S41029-20

J-S41030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAFAYETTE W. RICHARDSON | : | |
| | : | |
| Appellant | : | No. 1359 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 17, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003247-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAFAYETTE W. RICHARDSON | : | |
| | : | |
| Appellant | : | No. 32 MDA 2020 |

Appeal from the Judgment of Sentence Entered July 17, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003247-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAFAYETTE W. RICHARDSON | : | |
| | : | |
| Appellant | : | No. 236 MDA 2020 |

Appeal from the Judgment of Sentence Entered January 7, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003247-2012

J-S41029-20

J-S41030-20

BEFORE:    KUNSELMAN, J., McLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:              **FILED DECEMBER 30, 2020**

Lafayette W. Richardson appeals from the judgment of sentence imposed following the revocation of his probation.[1] Richardson challenges the discretionary aspects of his sentence, arguing that the court abused its discretion in imposing a sentence of total confinement. He also claims that the sentence constituted cruel and unusual punishment. We affirm.

Richardson pleaded no contest on September 19, 2013, to numerous sex offenses: two counts each of Incest and Attempted Involuntary Deviate Sexual Intercourse ("IDSI"), and one count each of Rape and Attempted Rape.[2] The plea was part of a negotiated plea agreement. The charges stemmed from Richardson's rape and sexual assault of his younger sibling and cousins over the course of approximately five years, beginning when the victims were less than 10 years old.

The court sentenced Richardson pursuant to the plea agreement on December 20, 2013, to a total of two and one half to five years of incarceration

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We consolidate No. 236 MDA 2020 with 1359 MDA 2019 and 32 MDA 2020 as each challenges the sentence imposed upon the revocation of Richardson's probation and raises nearly identical issues. **See** Pa.R.A.P. 513 (permitting consolidation of more than one appeal where same question is involved or appeal is from same order). As explained below, No. 236 MDA 2020 differs only in that it challenges the sentence imposed after the lower court granted Richardson's motion to modify his sentence.

[2] **See** 18 Pa.C.S.A. §§ 901(a), 3121(a)(1), and 4302.

followed by 10 years of probation. The prison term was for one of the Incest counts, with no further punishment on the other count. The probation was four concurrent, 10-year probation sentences, consecutive to the prison sentence.

Richardson was released from prison in April 2017, after having maxed out his incarceration sentence. He then began to serve his probation sentence, and the trial court found him in violation of his probation several times. He was first detained for a violation of his probation three months after he left prison. The trial court found him in violation in September 2017, revoked his probation, and imposed a sentence of total confinement. The court later granted Richardson's post-sentence motion, and in November 2017, it vacated its revocation sentence, and ordered a competency evaluation.

After Richardson received an evaluation and treatment at Torrance State Hospital, the court conducted a hearing and found him competent. It then, on August 8, 2018, imposed an aggregate sentence of 11½ to 23 months in prison, concurrent in part to 30 years of probation. The aggregate sentence broke down as follows: for one count of Attempted IDSI, 11½ to 23 months of incarceration; for the other count of Attempted IDSI, 10 years of probation partially concurrent with the sentence on the first such count; for Rape, 20 years of probation partly concurrent with the sentences for Attempted IDSI; and for Attempted Rape, 10 years of probation consecutive to the Rape sentence.

Richardson was then paroled in December 2018. In June 2019, he was again detained for a violation of his probation, the violation at issue here. At a hearing on July 17, 2019, the trial court found that Richardson had violated his probation by "testing positive for marijuana on four occasions, allowing his [electronic monitoring] bracelet to 'die' on multiple occasions, numerous violations of curfew, failure to follow up with sex offender treatment, and being present in a home with an infant and toddler." Trial Court Opinion, 5/14/20, at 3. The court revoked Richardson's probation for Rape and one count of Attempted IDSI, and imposed concurrent sentences at each count of 10 to 20 years of incarceration.[3]

On August 12, 2019, Richardson filed a *pro se* notice of appeal from his revocation sentence. **See** 1359 MDA 2019. On October 24, 2019, this Court remanded to the trial court to rule on Richardson's request for counsel. The court granted the request. On return to this Court, counsel filed an application for remand to file post-sentence motions. This Court granted the application and remanded to the trial court for a hearing to address Richardson's request. After a hearing, the trial court granted Richardson leave to file a *nunc pro tunc* post-sentence motion, and on December 8, 2019, Richardson filed the post-sentence motion.

_____

[3] The court took no action on one count of Attempted IDSI (Count 3), which it closed, and took no action on the Attempted Rape sentence (Count 7), which was consecutive to the sentences on the other count of Attempted IDSI and Rape (Counts 4 and 5).

However, without the trial court having ruled on the post-sentence motion, on December 31, 2019, Richardson filed a second notice of appeal from his revocation sentence. **See** 32 MDA 2020.

The trial court then, on January 7, 2020, issued an order granting Richardson's post-sentence motion and reducing Richardson's sentence to five to 10 years of incarceration for one count of Attempted IDSI, with a concurrent term of 15 years of probation for the Rape charge. Richardson filed another post-sentence motion on January 17, 2020, seeking to modify this sentence, and the trial court denied the motion. Richardson then filed a third notice of appeal, this time from the reduced revocation sentence. **See** 236 MDA 2020.

We are thus faced with a procedural muddle, and we must determine which of the appeals, if any, is properly before us.[4] The first appeal was timely and from a final order, and thus was proper. However, we quash the second appeal at No. 32 MDA 2020 because it was untimely, and in any event duplicative of the first appeal at No. 1359 MDA 2019. **See** Pa.R.A.P. 903(a). Both appeals purport to be from the July 2019 revocation sentence; hence, the second appeal is a nullity. Because that appeal was a nullity, the trial court properly complied with this Court's directive on remand when it appointed counsel for Richardson, permitted Richardson to file a counseled post-

---

[4] On January 11, 2020, Richardson filed an application for discontinuance of the appeal at No. 1359 MDA 2019. **See** Application for Discontinuance, 01/11/20, at 3. On January 29, 2020, Richardson filed an application for remand at No. 32 MDA 2020. **See** Application for Remand, 01/29/20, at 3. We deny the applications.

sentence motion, and then ruled on the post-sentence motion. The trial court had proper jurisdiction to entertain Richardson's post-sentence motion, and to issue the January 7, 2020 order modifying Richardson's sentence.

As for the appeal at No. 236 MDA 2020, it was timely, but not clearly from an appealable order, because when this Court remanded, it treated the matter as if it had retained jurisdiction. However, it did not clearly say so in its remand order. As a result, we cannot fault counsel for filing the additional appeal. Under these circumstances, we will not quash the appeal at No. 236 MDA 2020. Instead, we will treat Richardson's arguments in that appeal – they are very nearly identical to those he makes in the first appeal, differing only in that they acknowledge the reduction in sentence – as a supplement to his brief in the first appeal (*i.e.*, No. 1359 MDA 2019).

Accordingly, we now turn to the merits of Richardson's issues. He presents two questions on appeal:

> A. Whether the trial court abused its discretion in its probation revocation sentence, erred, and violated 42 Pa.C.S.[A.] § 9771(c) by sentencing [Richardson] to a term of state incarceration for violating his probation when [Richardson] was not convicted of a new crime, there was no evidence or finding that [Richardson] would commit a new criminal offense, and the sentence of state prison was not essential to vindicate the authority of the court?

> B. Whether the court erred because [Richardson] had already served more than five years in prison for a crime committed as a juvenile and that the further state sentence for technical violations of supervision violated [Richardson's] due process right and violates constitutional prohibitions against cruel and unusual punishment[?]

Richardson's Br. (No. 236 MDA 2020), at 3 (unnecessary capitalization omitted).

In his first issue, Richardson claims that the trial court abused its discretion when it imposed a sentence of total confinement for one of the attempted IDSI counts following the revocation of his probation. He claims that the court imposed a state sentence because the county could not provide mental health resources for Richardson. **See id.** at 19. He further claims that the court abused its discretion when it imposed a sentence of total confinement because he had not been convicted of a new crime; his behavior demonstrated a need for mental health treatment, not a likelihood of reoffending; and because Richardson suffered significant mental health issues, the court's authority did not need to be vindicated. **See id.** at 20-22. We disagree.

Richardson's arguments present a challenge to the discretionary aspects of his sentence. Such claims are not heard on appeal of right. Rather, the appellant must petition this Court for an allowance of appeal. **See Commonwealth v. Colon**, 102 A.3d 1033, 1042 (Pa.Super. 2014).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement

- 7 -

of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Id.* at 1042-43 (citation omitted).

Here, Richardson filed a timely notice of appeal, and preserved his claim by raising the issue in his post-sentence motion. His brief includes a Pa.R.A.P. 2119(f) concise statement. Finally, his claim—that the trial court inappropriately sentenced him to an excessive sentence of total confinement based on technical violations of his probation—raises a substantial question for our review. *See Colon*, 102 A.3d at 1043.

The sentence to be imposed following revocation of probation is vested in the discretion of the trial court, and we will not disturb it on appeal absent an abuse of discretion. *See id.* "Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration." *Id.* at 1044 (citing 42 Pa.C.S.A. § 9771(b)). "[T]he trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Id.* (quoting *Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa.Super. 2013)). Notably, however, a trial court may only impose a sentence of total confinement if the defendant has been convicted of another crime, the defendant's conduct indicates a likelihood of reoffending, or if total confinement is essential to vindicate the authority of the court. *See* 42 Pa.C.S.A. § 9771(c).

Here, the trial court resentenced Richardson after revoking his probation because of several violations, including being in the presence of young children. Initially, the court imposed an aggregate sentence of 10 to 20 years of incarceration. However, after granting Richardson's post-sentence motion, the court reduced the sentence to five to 10 years of incarceration, followed by a lengthy probationary sentence.

In its opinion, the court explained

The record as a whole plainly reflects this court's consideration of the facts and character of [Richardson], as evidenced by the current and prior proceedings at this docket. This includes [Richardson's] PSI report having been considered and made part of the record. [Richardson] had been given sufficient opportunity by this court to remain compliant. Instead, he continued to violate the conditions of his probation with repeated positive tests for marijuana, allowing his [electronic monitor] to lapse on numerous occasions, curfew violations, being present in a home with an infant and toddler, and failure to follow through with recommended treatment. This court's history and familiarity with the character of [Richardson], in conjunction with [Richardson's] current violations, reflect that he is unable to take advantage of the opportunities afforded to him and, more aptly, indicates a necessity to protect the community from the likelihood of further misconduct while vindicating the authority of the court.

Trial Ct. Op., at 7 (citations and some capitalization omitted).

Upon review, we conclude that the trial court did not abuse its discretion. It considered the appropriate factors, including Richardson's repeated unsuccessful attempts at rehabilitation. The record supports the findings of a likelihood of reoffending and that a sentence of imprisonment was necessary to vindicate the authority of the court. Richardson's first issue is meritless.

In his second issue, Richardson claims that because he was a juvenile when he committed the offense, and has already served more than six years in prison, the instant sentence of five to 10 years of imprisonment constitutes cruel and unusual punishment for a juvenile offender. We disagree.

In support of his argument, Richardson relies on *In re J.B.*, 107 A.3d 1 (Pa. 2014), and *Commonwealth v. Haines*, 222 A.3d 756 (Pa.Super. 2019). In *J.B.*, our Supreme Court held that registration requirements under SORNA[5] "violate juvenile offenders' due process rights by utilizing the irrebuttable presumption that all juvenile offenders 'pose a high risk of committing additional sexual offenses,' 42 Pa.C.S. § 9799.11(a)(4), because that presumption is not universally true." *In re J.B.*, 107 A.3d at 14 (citation omitted).

The decision in *J.B.* is inapplicable to the instant matter because the trial court here did not employ any irrebuttable presumption. Rather, it crafted an individualized sentence for Richardson.

In *Haines*, this Court held that the holding in *J.B.* applies to criminal defendants who commit their crimes as juveniles, but were convicted as adults. *See Haines*, 222 A.3d at 758. The Court concluded that despite the fact that the defendant had been convicted of sexual offenses as an adult, the fact that she was a juvenile at the time of their commission meant that she

---

[5] Sex Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10-9799.41.

should not be held to an irrebuttable presumption of reoffending. ***See id.*** at 759.

This case is distinguishable from ***Haines***, because Richardson is not presently being tried as an adult for sexual offenses committed as a juvenile. The sentence under appeal is that imposed as a resentence after revocation of his probation. Also, as stated above, the trial court did not apply an irrebuttable presumption of reoffending. Richardson's second issue does not merit relief.

For the foregoing reasons, we conclude that the trial court did not err or abuse its discretion in resentencing Richardson, and we affirm the judgment of sentence imposed on January 7, 2020.

Judgment of sentence affirmed. Application for discontinuance at No. 1359 MDA 2019 denied. Appeal at No. 32 MDA 2020 quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2020

- 11 -