J-S48032-20 & J-S48033-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| LAMARK DEANDRE WALKER, JR. | : | |
| Appellant | : | No. 1321 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 13, 2020
In the Court of Common Pleas of Carbon County Criminal Division at
No(s): CP-13-CR-0000221-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| LAMARK DEANDRE WALKER, JR. | : | |
| Appellant | : | No. 1322 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 13, 2020
In the Court of Common Pleas of Carbon County Criminal Division at
No(s): CP-13-CR-0000222-2019

BEFORE: KUNSELMAN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED NOVEMBER 17, 2020**

We address together these two, related appeals taken by Lamark

Deandre Walker, Jr.[1] (Appellant) from the judgments of sentence entered in

---

[1] The original captions for these appeals were based on the caption set forth in Appellant's notices of appeal, which identified Appellant as "Lamark Walker." However, the captions in the trial dockets below state "Lamark

the Carbon County Court of Common Pleas following his negotiated guilty pleas under docket numbers CP-13-CR-0000221-2019 (Docket 221) and CP-13-CR-0000222-2019 (Docket 222). Appellant's court-appointed counsel, Matthew Mottola, Esquire (Plea Counsel), has filed a petition to withdraw from representation and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). We grant Plea Counsel's petitions to withdraw, and affirm Appellant's judgments of sentence.

The record reflects on August 12, 2019, Appellant entered into a stipulated/negotiated guilty plea under two separate dockets, Docket 221 and Docket 222, which involved two different victims. N.T., Guilty Plea H'rg, 8/12/19, at 3. At Docket 221, Appellant pleaded guilty to statutory sexual assault and, at Docket 222, indecent assault of an individual less than 16 years old.[2] *Id.* Both victims were 13 years old, and Appellant was 17 years old, at the time of the offenses. Trial Ct. Op., 4/15/20, at 2. Pursuant to the stipulation, Appellant agreed to an aggregate sentence of 48 to 96 months' incarceration, but the trial court deferred sentencing so Appellant could

_____

Deandre Walker, Jr." We have thus amended the captions in these appeals to conform to those in the trial court. *See* Pa.R.A.P. 904(b)(1) ("The parties shall be stated in the caption as they appeared on the record of the trial court at the time the appeal was taken.").

[2] 18 Pa.C.S. §§ 3122.1(a)(1), 3126(a)(8).

undergo a presentence investigation report and a sexual offender's evaluation. *Id.* at 4, 13.

During this plea hearing, the trial court stated Appellant seemed "less than enthusiastic." N.T., Guilty Plea H'rg, at 3. The trial court emphasized to Appellant:

> . . . I don't know if it's just you don't want to plead guilty or if you are reconsidering your decision to plead guilty?

> \* \* \*

> Well, I want to make sure you know what you are really doing and your attorney wants to make sure you know what you are really doing and the Commonwealth wants to make sure you know what you are really doing. These are serious offenses and you are a young individual. . . . I've told you what the offenses are that you are pleading guilty to. I'm going to be going through with you in a moment to make sure that you fully understand what you are doing but if you want to talk to your attorney any further, I'm not trying to talk you into or talk you out of a plea. I just want to make sure because you seemed to indicate a moment ago that you weren't clear that you wanted to make a decision. So are you okay or do you need some additional time with your attorney?

*Id.* at 3-4. Appellant responded, "I'm good." *Id.* The trial court then explained the charges Appellant was pleading guilty to at each docket and the Commonwealth explained the underlying facts. *Id.* at 6, 8. The trial court asked Appellant numerous times if he understood and admitted to those facts, to which Appellant responded each time, "Yes." *Id.* at 6-7, 8-9. Appellant then completed a written guilty plea colloquy form. *Id.* at 10; *see* Written Guilty Plea Colloquy Form.

On February 13, 2020, the trial court sentenced Appellant to the stipulated, aggregate sentence of 48 to 96 months' incarceration. During this hearing, the trial court again explained to Appellant what he had pleaded to and what his sentence would be at each docket.[3] When asked if he understood, Appellant informed the trial court that his "mind drifts off." N.T., Sentencing H'rg, 2/13/20, at 24. The trial court explained to Appellant, "Are you able to concentrate, to pay attention, to understand what's going on here today, or can you not do so? Because I don't want to have an issue of your competency be raised on appeal." *Id.* at 25. Appellant responded, "I understand." *Id.* The trial court then explained to Appellant his appellate rights. *Id.* at 47-48. The trial court did not require Appellant to register as a sex offender pursuant to *Commonwealth v. Haines*, 222 A.3d 756 (Pa. Super. 2019) (holding application of SORNA sex offender registration to a defendant who committed their crime as a juvenile, but convicted as an adult, was unconstitutional). *Id.* at 50-51. Appellant did not file a post-sentence motion.

---

[3] The trial court sentenced Appellant at Docket 221 to a period of incarceration of 36 to 72 months. At Docket 222, the trial court sentenced Appellant to 1 to 2 years' incarceration to run consecutive to Docket 221, for an aggregate sentence of 48 to 96 months'. N.T., Sentencing H'rg, at 26.

On February 28, 2020, Appellant filed two separate notices of appeals at each docket.[4] On March 4th, the trial court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Plea Counsel filed a statement of intent to file an *Anders* brief under each docket in compliance with Pa.R.A.P. 1925(c)(4). On August 21, 2020, Plea Counsel filed two petitions to withdraw from representation and attached a letter to Appellant explaining his right to retain new counsel or proceed *pro se*.

Preliminarily, we must address Plea Counsel's petitions to withdraw and the accompanying *Anders* briefs, both alleging these appeals are frivolous. "When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). In order to withdraw pursuant to *Anders*, "counsel must file a brief that meets the requirements established by our Supreme Court in" *Santiago*, 978 A.2d 349. *Commonwealth v. Harden*, 103 A.3d 107, 110 (Pa. Super. 2014) (citation omitted). Specifically, counsel's *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;

---

[4] Appellant has thus complied with Pa.R.A.P. 341(a) ("[A]n appeal may be taken as of right from any final order of a government unit or trial court."), and *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018) ("[W]hen a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed.").

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* (citation omitted).

"Counsel also must provide a copy of the **Anders** brief to his client." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014). The brief must be accompanied by a letter that advises the client of the option to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Id.** "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (citation omitted).

Instantly, Plea Counsel has satisfied the technical requirements of **Anders** and **Santiago**. In his **Anders** brief, Plea Counsel has identified the pertinent factual and procedural history and made citations to the record. **Anders** Brief at 2-6. After making a conscientious review of the record and applicable law, Plea Counsel concludes the appeal is frivolous. **Id.** at 16. Plea

Counsel has also attached to his petition a letter to Appellant that meets the notice requirements of **Orellana**, **supra**.[5]  Nonetheless, Plea Counsel addresses four claims that could arguably support an appeal: (1) the validity of Appellant's guilty pleas; (2) the jurisdiction of the trial court; (3) the discretionary aspects of Appellant's sentence; and (4) the legality of his sentence.  Accordingly, we proceed to conduct an independent review of the record to determine whether this appeal is wholly frivolous.

In the **Anders** brief, Plea Counsel addresses whether Appellant's pleas were unknowing, involuntary, and unintelligent.  **Anders** Brief at 7-10.  This Court has stated:

> Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered.  There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court.  To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice."  "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently."  . . .

**Commonwealth v. Pollard**, 832 A.2d 517, 522 (Pa. Super. 2003) (citations omitted).

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences.  This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea.  [A] plea of guilty will not be

---

[5] Appellant has not filed a response to Plea Counsel's letter, the **Anders** brief, or the petition to withdraw.

deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

"Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." "[W]here the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established." Thus,

> [a] court accepting a defendant's guilty plea is required to conduct an on-the-record inquiry during the plea colloquy. The colloquy must inquire into the following areas:
>
> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Commonwealth v. Rush*, 909 A.2d 805, 808-09 (Pa. Super. 2006) (citations omitted).

Pennsylvania Rule of Appellate Procedure 302(a) provides, "Issues not raised in the lower court are waived and cannot be raised for the first time on

appeal." Pa.R.A.P. 302(a). Further, "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver." ***Commonwealth. v. Lincoln***, 72 A.3d 606, 609-10 (Pa. Super. 2013).

At no point in the proceedings before the trial court did Appellant challenge the voluntariness of his plea or seek to withdraw it. Appellant raised no such issue in a post-sentence motion, but instead, raises it for the first time in Plea Counsel's ***Anders*** brief. Thus, this issue is waived. ***See*** Pa.R.A.P. 302(a); ***Lincoln***, 72 A.3d at 609-10.

The next issue addressed in the ***Anders*** brief challenges the jurisdiction of the trial court to accept the pleas entered, where Appellant was a juvenile when he committed the offenses. ***Anders*** Brief at 11.

With respect to an adult criminal court's jurisdiction over a juvenile's offenses, this Court has explained generally:

> Pursuant to 42 Pa.C.S.[ ] § 6322(a), when a juvenile has committed a crime, which includes . . . any of the . . . offenses listed under paragraph (2)(ii) or (iii) of the definition of "delinquent act" in 42 Pa.C.S.[ ] § 6302, the criminal division of the Court of Common Pleas is vested with jurisdiction. Likewise, 42 Pa.C.S.[ ] § 6355(e) explains that charges of murder, or any of the other offenses listed under paragraph

(2)(ii) or (iii) of the definition of "delinquent act" in 42 Pa.C.S.[ ] § 6302, requires that the offense be prosecuted in the criminal division.[6] . . .

***Commonwealth v. Sanders***, 814 A.2d 1248, 1250 (Pa. Super. 2003). ***See also Commonwealth v. Cotto***, 753 A.2d 217, 219 (Pa. 2000) ("[T]he Juvenile Act vests original jurisdiction in the criminal courts for specified violent felonies, e.g., rape . . . , committed by minors aged fifteen or older who . . . **were previously adjudicated delinquent for such crimes**.").

Section 6302 defines a "delinquent act," in relevant part, as follows:

**"Delinquent act."**

(1) The term means an act designated a crime under the law of this Commonwealth . . . .

(2) The term shall not include:

\* \* \*

(iii) Any of the following prohibited conduct where the **child was 15 years of age or older at the time of the alleged conduct and has been previously adjudicated delinquent of any of the following prohibited conduct** which, if committed by an adult, would be classified as:

(A) Rape as defined in 18 Pa.C.S. § 3121.

\* \* \*

(E) Aggravated indecent assault as defined in 18 Pa.C.S. § 3125. . . .

---

[6] These statutory sections are a part of the Juvenile Act, 42 Pa.C.S. §§ 6301-6375.

42 Pa.C.S. § 6302(1), (2)(iii)(A), (E) (emphasis added).

Our review of the record indicates Appellant was charged with aggravated indecent assault at both Docket 221 and Docket 222, he was 17 years old at the time of these incidents, and had a prior adjudication for rape,[7] which was detailed in the pre-sentence investigation report. **See** N.T., 2/13/20, at 5, 43. Thus, the trial court had jurisdiction to accept Appellant's pleas. **See** 42 Pa.C.S. §§ 6302(2)(iii)(A), (E); **Cotto**, 753 A.2d at 219.

Lastly, Plea Counsel addresses challenges to the discretionary aspects and legality of Appellant's sentence. "A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." **Commonwealth v. Grays**, 167 A.3d 793, 815 (Pa. Super. 2017) (citation omitted). Before we can reach the merits of a discretionary aspects challenge,

> [w]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id.** at 815-16 (citation omitted).

Here, Appellant filed a timely notice of appeal, satisfying the first prong of the test. However, he did not file any post-sentence motions. Further, a

---

[7] 18 Pa.C.S. § 3121.

review of the sentencing transcript reveals that the issue was not properly preserved at sentencing. As this Court reiterated in *Commonwealth v. Griffin*, 65 A.3d 932 (Pa. Super. 2013), "[i]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Id.* at 936 (citation and emphasis omitted). Because Appellant failed to preserve a discretionary aspects of sentence issue either in a post-sentence motion or at the time of sentencing, he waived his discretionary aspects of sentencing issue on appeal.[8]

Moreover, even if Appellant wanted to challenge the legality of his sentence, a claim that cannot be waived, he would be entitled to no relief. As the trial court opined:

> The sentences imposed on [Appellant] on February 13, 2020, were in accordance with the stipulations entered in each case, were within the standard guideline range, and were supported by a pre[-]sentence investigation report dated February 10, 2020 and made part of the record at sentencing. A sexual offender's assessment by the State Sexual Offender's Assessment Board was completed and concluded [Appellant] was a sexually violent predator; however, in accordance with the Pennsylvania Superior Court's decision in . . . *Haines*, 222 A.3d

---

[8] We note although Plea Counsel did not include a Rule 2119(f) statement in his *Anders* brief, we do not find this precludes our review. *See Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 184 (Pa. Super. 2016) (holding counsel's failure to submit Rule 2119(f) statement in *Anders* brief does not preclude review of whether appellant's issue is frivolous). Further, the Commonwealth did not object to this defect in its brief.

756[,] relied upon by [Appellant] in a [pre-sentence] motion requesting that [Appellant] not be required to register as a Tier II sexual offender pursuant to the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.[ ] § 9799.10 - 9799.75, which motion was not opposed by the Commonwealth since [Appellant] was a juvenile at the time of the offenses, [Appellant] was not required to comply with the registration requirements of SORNA.

Trial Ct. Op. at 2-3 (citation omitted).

The record supports Plea Counsel's conclusion that these appeals are frivolous. Moreover, our independent review of the entire record reveals no additional non-frivolous issues. Consequently, we grant Plea Counsel's petitions to withdraw, and we affirm the judgments of sentence.

Petitions to withdraw granted. Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2020

- 13 -