J-A07032-20

2020 PA Super 111

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW MICHAEL ZENO | : | |
| | : | |
| Appellant | : | No. 880 MDA 2019 |

Appeal from the Order Entered May 17, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004524-2006

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW MICHAEL ZENO | : | |
| | : | |
| Appellant | : | No. 881 MDA 2019 |

Appeal from the Order Entered May 17, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004525-2006

BEFORE: OLSON, J., DUBOW, J., and McLAUGHLIN, J.

OPINION BY McLAUGHLIN, J.: **FILED MAY 07, 2020**

Matthew Michael Zeno appeals from the order denying his motion to bar registration under the Sexual Offender Registration and Notification Act ("SORNA").[1] Because Zeno was a juvenile at the time he committed the

---

[1] Sexual Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10-9799.41, amended and replaced by 2018, Feb. 21, P.L. 27, No. 10, § 19, immediately effective. Reenacted 2018, June 12, P.L. 140, No. 29, § 14, ("SORNA II"), immediately effective. 42 Pa.C.S.A. §§ 9799.51-9799.75.

crimes, we conclude that he is entitled to relief. We therefore reverse the order denying the motion and remand this case to the trial court.

In 2006, Zeno was alleged to have committed delinquent acts, when he was 14 and 16 years old. He was charged at two separate dockets.[2] His cases were transferred to the criminal division of the Court of Common Pleas. In September 2007, Zeno pled guilty to rape of a child, sexual assault, criminal attempt (rape), criminal attempt (incest), and indecent assault. The trial court sentenced him to an aggregate sentence of four to eight years' incarceration followed by five years' probation, and informed him that he would be required to register as a sex offender. Zeno did not file an appeal.

In August 2017, the trial court found Zeno violated probation and parole, and imposed a violation sentence of two to ten years' incarceration. Zeno filed notices of appeal, arguing the court abused its discretion when imposing the sentence.

This Court affirmed the judgment of sentence, concluding the court did not abuse its discretion. However, we raised *sua sponte* the issue of "Zeno's sex offender registration requirements in light of Megan's Law III being deemed unconstitutional." ***Commonwealth v. Zeno***, No. 21 MDA 2018, 2018

---

[2] At docket number CP-36-CR-0004524-2006, Zeno was charged with rape of a child, 18 Pa.C.S.A. § 3121(c), and sexual assault, *id.* at § 3124.1. At docket CP-36-CR-0004525-2006, Zeno was charged with criminal attempt of rape, *id.* at § 901(a), criminal attempt of incest, *id.* at § 4302, and indecent assault, *id.* at § 3126(a)(1).

WL 5629647, at *5 (Pa.Super. filed Oct. 31, 2018).[3] We concluded that Zeno had been advised of his registration requirements under Megan's Law III and "remand[ed] to the trial court for the sole purpose of determining Zeno's registration requirements." *Id.*

Following remand, the trial court issued an order directing counsel to file "an Answer as to how SORNA and its amendments shall effect the required re-sentencing of [Zeno]." Order, filed Dec. 4, 2018. The Commonwealth argued Zeno was required to register for his lifetime under Subchapter I of SORNA II, also known as Act 29 of 2018. Subchapter I "addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012." *Commonwealth v. Alston*, 212 A.3d 526, 529 (Pa.Super. 2009); *see* 42 Pa.C.S.A. §§ 9799.51-9799.75. Zeno filed a motion to bar imposition of registration pursuant to SORNA. He argued that because

---

[3] In *Zeno*, we noted that the Pennsylvania Supreme Court ruled Megan's Law III unconstitutional because it violated the Single Subject Rule of Article III, Section 3, of the Pennsylvania Constitution. 2018 WL 5629647, at *5 n.9 (citing *Commonwealth v. Neiman*, 84 A.3d 603, 615 (Pa. 2013)). SORNA went into effect on December 20, 2012, and provided for the "Expiration of Megan's Law III at that time." *Zeno*, 2018 WL 5629647, at *5 n.9 (citing *Commonwealth v. Derhammer*, 173 A.3d 723, 725 (Pa. 2017)). The Supreme Court stayed its decision in *Neiman* for 90 days. *Id.* Within the 90 days, the General Assembly modified SORNA "to clarify that persons who were required to register with the state police at any time before SORNA's effective date, and whose registration period had not expired, were still obligated to register with the state police as provided in Section 9799.15. *Derhammer*, 173 A.3d at 725. The Pennsylvania Supreme Court then held that retroactive application of SORNA to those who committed their crime prior to SORNA's effective date was unconstitutional. *Commonwealth v. Muniz*, 164 A.3d 1189, 1218 (Pa. 2017). SORNA has since been amended and replaced by SORNA II.

he was a juvenile at the time he committed the offenses, requiring him to register as a sex offender would constitute cruel and unusual punishment, and violate the due process and equal protection clauses of the United States and Pennsylvania Constitutions.

In April 2019, the trial court denied the motion to bar imposition of registration. Counsel filed timely notices of appeal, one at each docket. The parties filed with this Court a stipulation to consolidate the appeals, and we have done so.

Zeno raises the following issue on appeal:

> Did the trial court err in denying Mr. Zeno's Motion to Bar Imposition of Registration where Mr. Zeno should not have been required to register as a sex offender for offenses which he committed at ages 14 and 16, and the requirement that he register constitutes cruel and unusual punishment, and is a violation of the due process provisions of the United States and Pennsylvania Constitutions?

Zeno's Br. at 4.

In its opinion finding Zeno was not entitled to relief, the trial court concluded that Zeno's motion was an untimely PCRA petition, and that it therefore lacked jurisdiction to address the motion. We disagree. SORNA registration was connected to the 2007 judgment of sentence. However, the court sentenced Zeno for a violation of probation and parole and, in October 2018, we ordered that the trial court address Zeno's sex offender registration requirements. Because we required the trial court to determine Zeno's registration requirements, we conclude that his motion requesting relief from such requirements was not an untimely PCRA petition. Rather, it was a motion

- 4 -

in response to our remand instructions and the trial court's order requesting that the parties file an "[a]nswer as to how SORNA and its amendments shall effect the required re-sentencing of this Defendant." Order, filed Dec. 4, 2018.

We next address Zeno's issue. He argues that, because he was a juvenile when he committed the offense, requiring him to register under SORNA violated the cruel and unusual punishment and due process clauses of the Pennsylvania and United States Constitutions. The Commonwealth concedes that Zeno is entitled to relief, following this Court's decision in **Commonwealth v Haines**, 222 A.3d 756, 759 (Pa.Super. 2019). We agree.

In **In re J.B.**, 107 A.3d 1 (Pa. 2014), the Pennsylvania Supreme Court concluded that "SORNA's registration requirements improperly brand all juvenile offender's reputations with an indelible mark of a dangerous recidivist even though the irrebuttable presumption linking adjudication of specified offenses with a high likelihood of recidivating is not 'universally true'" **Id.** at 19. It concluded "the application of SORNA's current lifetime registration requirements upon adjudication of specified offenses violates juvenile offenders' due process rights by utilizing an irrebuttable presumption." **Id.** at 19-20.

In **Haines**, this Court concluded that the "**J.B.** court's holding should apply with equal weight to juvenile adjudications as well as to defendants convicted as adults for crimes committed as juveniles." 222 A.3d at 759. Therefore, following **Haines**, a person convicted in criminal court for acts committed while a juvenile cannot be required to register under SORNA.

- 5 -

Here, because Zeno was a juvenile at the time he committed the crimes, he cannot be required to register under SORNA. We accordingly remand for the trial court to vacate the part of the sentence requiring Zeno to register as a sex offender.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/7/2020