J-S18016-20

2020 PA Super 201

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DERRICK DUNCAN | : | |
| | : | |
| Appellant | : | No. 1308 MDA 2019 |

Appeal from the Order Entered May 9, 2019
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0001283-1994

BEFORE:   KUNSELMAN, J., KING, J., and STEVENS, P.J.E.*

OPINION BY KING, J.:                              **FILED AUGUST 18, 2020**

Appellant, Derrick Duncan, appeals *nunc pro tunc* from the order entered in the Dauphin County Court of Common Pleas, which denied his petition for writ of error *coram nobis*, which the court treated as a petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.   For the following reasons, we vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows.  In 1994, Appellant entered a negotiated guilty plea to robbery, conspiracy, kidnapping of a minor, unlawful restraint, recklessly endangering another person, and carrying firearms without a license.  The court imposed the negotiated aggregate sentence of 4-10 years' imprisonment.  Notably, the

_____

* Former Justice specially assigned to the Superior Court.

record confirms Appellant was a juvenile when he committed his offenses, even though he was later charged as an adult. Appellant did not file a direct appeal from his judgment of sentence.

On January 2, 2019, Appellant filed a *pro se* petition for writ of error *coram nobis*.[1] Appellant alleged, *inter alia*, that on the day prior to his release from prison on April 27, 2004, the Department of Corrections told him that he must register as a sex offender upon release, pursuant to the then-effective version of Megan's Law, due to the kidnapping of a minor conviction. Appellant complained he was subsequently required to register as a sex offender under SORNA I. Appellant claimed application of the sex offender statutes violated *ex post facto* principles under **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017), *cert. denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018), where Appellant committed his crimes before those statutes were effective. Appellant also insisted the Commonwealth was in breach of his plea agreement, which contained no provision requiring him to register as a sex offender. Appellant acknowledged he was no longer serving his sentence for the underlying crimes, so he conceded he was ineligible for relief under the PCRA. Thus, Appellant sought *coram nobis* relief and expressly requested removal of his name from the sex offender registry.

_____

[1] A writ of *coram nobis* "is generally available to challenge the validity of a judgment based on facts not before the court when the judgment was entered." **Commonwealth v. Descardes**, 635 Pa. 395, 397 n.1, 136 A.3d 493, 494 n.1 (2016).

- 2 -

On April 3, 2019, the court initially granted relief, stating:

At the time [Appellant] committed the offense of kidnapping a minor, no registration requirement under any of the Megan's Law frameworks [was] required for said crime. The Megan's Law I framework did not become effective until April 22, 1996, and [Appellant] committed the offense in 1994. Thus, this [c]ourt is prohibited from imposing any registration requirements on him pursuant to the Pennsylvania Supreme Court's holding in [**Muniz**]. …

(Order, filed 4/3/19, at 1) (internal footnotes omitted).

Nevertheless, on April 18, 2019, the court vacated its April 3, 2019 order, to afford the Commonwealth an opportunity to respond to Appellant's petition. The Commonwealth responded on May 7, 2019, alleging the court should have denied relief because Appellant's filing was an untimely PCRA petition with no time-bar exceptions met. Specifically, the Commonwealth relied on **Commonwealth v. Murphy**, 180 A.3d 402 (Pa.Super. 2018), *appeal denied*, 649 Pa. 148, 195 A.3d 559 (2018) (stating PCRA petitioner cannot rely on **Muniz** to meet timeliness exception under 42 Pa.C.S.A. § 9545(b) unless and until Supreme Court allows). The court agreed and denied relief on May 9, 2019, stating Appellant's current prayer for relief was an untimely PCRA petition, which the court lacked jurisdiction to consider.

On June 19, 2019, Appellant filed a motion to restore his post-conviction appellate rights *nunc pro tunc*, which the court granted on July 16, 2019.[2] On

_____

[2] In his motion requesting *nunc pro tunc* relief, Appellant alleged that he had been transferred from SCI-Somerset (where the order denying PCRA relief

- 3 -

August 1, 2019, Appellant timely filed a *pro se nunc pro tunc* appeal. On August 8, 2019, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed *pro se* on August 28, 2019. On September 11, 2019, this Court remanded for a hearing under ***Commonwealth v. Grazier***, 552 Pa. 9, 713 A.2d 81 (1998), after which the court appointed appellate counsel.

On appeal, Appellant argues only that the court should have appointed counsel to assist him with litigating his petition for relief, which the court treated as a first PCRA petition. In its Rule 1925(a) opinion, the court agrees this Court should vacate the order denying relief and remand for the appointment of counsel.[3] (***See*** Rule 1925(a) Opinion, filed January 14, 2020, at 3).

Preliminarily, we must decide whether the court properly treated Appellant's petition for writ of error *coram nobis* as a PCRA petition. A petition for collateral relief will generally be considered a PCRA petition if it raises issues cognizable under the PCRA. ***See Commonwealth v. Peterkin***, 554 Pa. 547, 553, 722 A.2d 638, 640 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA

_____

was sent) to SCI-Greene. Due to Appellant's failure to notify the court of his change of address, mail was delayed and Appellant did not receive the order denying PCRA relief in a timely fashion. The Commonwealth filed a response, indicating it did not oppose *nunc pro tunc* relief and agreeing that the order denying PCRA relief had been sent to the incorrect prison institution.

[3] The Commonwealth has not filed a responsive brief in this case.

shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose, including *habeas corpus* and *coram nobis*). The plain language of the PCRA mandates that claims which could be brought under the PCRA, must be brought under the PCRA. **Commonwealth v. Hall**, 565 Pa. 92, 96-97, 771 A.2d 1232, 1235 (2001).

Significantly, however, our Supreme Court "has not yet required that sexual offender registration statutes be challenged through the PCRA or some other procedural mechanism." **Commonwealth v. Lacombe**, ___ A.3d ___, 2020 WL 4150283 (Pa. filed July 21, 2020). Our Supreme Court explained:

> Indeed, we have consistently decided cases regarding sexual offender registration statutes that were challenged via different types of filings. **See Muniz, supra** (successful challenge to constitutionality of SORNA via direct appeal); **Commonwealth v. Martinez**, 147 A.3d 517 (Pa. 2016) (successful challenge to increase of registration term through "Petition to Enforce Plea Agreement or for a Writ of Habeas Corpus" where PCRA petition would have been untimely), **A.S. v. Pa. State Police**, 143 A.3d 896, 903 n.7 (Pa. 2016) (successful challenge to registration term through *mandamus* action against PSP), [**Commonwealth v. Williams**, 832 A.2d 962 (Pa. 2003)] (unsuccessful challenge to constitutionality of Megan's Law II through "Motion for Extraordinary Relief" and "Motion for Relief"). Our approach in this regard takes into account the fact that frequent changes to sexual offender registration statutes, along with more onerous requirements and retroactive application, complicate registrants' ability to challenge new requirements imposed years after their sentences become final.
>
> This is especially so under the PCRA as many registrants…would be ineligible for relief on timeliness grounds. **See** 42 Pa.C.S.A. § 9545(b)(1) (PCRA petition

- 5 -

must be filed within one year of judgment of sentence becoming final unless exception applies). Other registrants may be ineligible because their sentence has expired while their registration requirements continue. *See* 42 Pa.C.S.A. § 9543(a)(1) (PCRA petitioner must be serving sentence to be eligible for relief). Both situations arise from the fact that the registration period does not begin until registrants are released from prison, which may be well after their sentence has become final or may signal the completion of their sentence. Accordingly, we decline to find the PCRA, or any other procedural mechanism, is the exclusive method for challenging sexual offender registration statutes and we thus conclude the trial court had jurisdiction to consider Lacombe's "Petition to Terminate His Sexual Offender Registration Requirements."

*Id.* at *___.

Additionally, we observe:

In *In re J.B.*, 630 Pa. 408, 107 A.3d 1 (2014), the Pennsylvania Supreme Court concluded that "SORNA's registration requirements improperly brand all juvenile offender's reputations with an indelible mark of a dangerous recidivist even though the irrebuttable presumption linking adjudication of specified offenses with a high likelihood of recidivating is not 'universally true'" *Id.* at 19. It concluded "the application of SORNA's current lifetime registration requirements upon adjudication of specified offenses violates juvenile offenders' due process rights by utilizing an irrebuttable presumption." *Id.* at 19-20.

In [*Commonwealth v Haines*, 222 A.3d 756 (Pa.Super. 2019)], this Court concluded that the "*J.B.* [C]ourt's holding should apply with equal weight to juvenile adjudications as well as to defendants convicted as adults for crimes committed as juveniles." [*Id.*] at 759. Therefore, following *Haines*, a person convicted in criminal court for acts committed while a juvenile cannot be required to register under SORNA.

*Commonwealth v. Zeno*, 2020 PA Super 111, 2020 WL 2206857 at *2

(Pa.Super. filed May 7, 2020) (holding appellant is not required to register as

sex offender because he was juvenile at time he committed crimes; remanding for trial court to vacate portion of sentence requiring appellant to register as sex offender).

Instantly, although Appellant styled his current prayer for relief as a petition for writ of error *coram nobis*, the court construed the filing as falling within the purview of the PCRA. Appellant, however, has finished serving his sentence of imprisonment for the underlying 1994 crimes, and he is ineligible for PCRA relief. **See** 42 Pa.C.S.A. § 9543(a)(1)(i) (stating that to be eligible for PCRA relief, petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime"); **Commonwealth v. Hart**, 911 A.2d 939, 942 (Pa.Super. 2006) (stating: "As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition").

In light of our Supreme Court's recent holding in **Lacombe**, we conclude the PCRA court was not required to treat Appellant's filing as a PCRA petition. **See Lacombe, supra**. Additionally, we recognize that Appellant might have a valid *ex post facto* and due process claim. **See Muniz, supra**; **Zeno, supra**. Accordingly, we vacate the order denying PCRA relief and remand for the court to consider Appellant's petition for writ of error *coram nobis*.[4]

---

[4] On June 10, 2020, this Court (with one dissent) stayed disposition of this matter pending this Court's *en banc* decision in **Commonwealth v. Moose**, 1897 MDA 2014. As **Lacombe** controls the outcome of this case, we lift the stay order.

Order vacated. Case remanded with instructions. Jurisdiction is relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/18/2020