J-S42044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
JOVUAN PATTERSON : No. 2352 EDA 2019
:
Appellee :

Appeal from the Order Entered August 19, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005094-2018

BEFORE:  PANELLA, P.J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:              **FILED JANUARY 12, 2021**

The Commonwealth of Pennsylvania appeals from the Order granting the Motion to withdraw the guilty plea filed by Jovuan Patterson ("Patterson"). We reverse and remand for further proceedings.

The trial court set forth the relevant history underlying the instant appeal as follows:

**FACTUAL HISTORY**

On May 5, 2018, at 300 South 54th Street in the City and County of Philadelphia, … Patterson approached [the victim] while [the victim] was outside washing his car.  [Patterson] was carrying a large gun.  [Patterson] then attempted to push [the victim] inside [of the victim's] place of business and rob him; when [the victim] fought back, [Patterson] shot [the victim] in the hip and fled the scene.  [The victim] was taken to the hospital, where he underwent emergency surgery.

**PROCEDURAL HISTORY**

[Patterson] was arrested and charged with attempted murder, robbery, and related offenses. On November 15, 2018, [Patterson] entered into a negotiated guilty plea to robbery, aggravated assault, and possession of an instrument of crime ("PICC").[1]   Pursuant to the negotiation, [the trial court] sentenced [Patterson] to three and one[-]half to ten years of confinement for robbery and aggravated assault, and two and one[-]half to five years of confinement for PICC, to run concurrently.

On December 7, 2018, following newspaper articles in which the victim stated that he had not been informed and did not approve of the negotiated sentence, the Commonwealth filed a *nunc pro tunc* Motion to Vacate [Patterson's] Guilty Plea and Sentence.  In that [M]otion, the Commonwealth argued that [it] should be permitted to back out of [its] plea with [Patterson,] because it had come to their attention [that its] office had failed to notify [the victim] of the plea offer, and because the [Assistant District Attorney,] who extended the offer[,] did not obtain proper approval from a supervisor.  On December 10, 2018, [Patterson] filed a [R]esponse, in which he argued [that] both the United States and Pennsylvania Constitutions prohibited the Commonwealth from backing out of their offer.  On February 26, 2019, [however, Patterson] filed a Response in Support of Government's Petition to Vacate [Patterson's] Judgment of Sentence.  On April 29, 2019, [the trial court] denied the Commonwealth's [M]otion.

On May 6, 2019, [Patterson] filed a Motion for Extraordinary Relief, asking that he be permitted to withdraw his guilty plea.  On August 19, 2019, following a hearing, [the trial court] granted [Patterson's M]otion.  The Commonwealth filed a timely Notice of Appeal to the Superior Court of Pennsylvania that same day….

---

[1] *See* 18 Pa.C.S.A. §§ 3701, 2702, 907.

Trial Court Opinion, 10/18/19, at 1-2 (citation omitted and footnote added). Thereafter, the Commonwealth filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

The Commonwealth presents the following issue for our review: "Did the [trial] court err in granting [Patterson's M]otion to withdraw his guilty plea[,] where it did not have jurisdiction to do so because more than 30 days had elapsed since the entry of a final [O]rder?" Brief for Appellant at 4.

The Commonwealth claims that the trial court issued its final Order in this case on November 15, 2018, when it imposed Patterson's judgment of sentence. *Id.* at 8. The Commonwealth argues that Patterson's plea was knowing and voluntary, and that he has failed to establish manifest injustice resulting from that plea. *Id.* In addition, the Commonwealth argues that the trial court lacked jurisdiction to modify its judgment of sentence more than 30 days after the sentencing Order was entered. *Id.* at 9.

A judgment of sentence becomes final at the conclusion of direct review, including discretionary review, or at the expiration of time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3). After a sentence is imposed, a defendant has ten days to file an optional post-sentence motion, Pa.R.Crim.P. 708(D), 720(A); if no post-sentence motion is filed, the defendant has 30 days from the date of sentencing to file a direct appeal. *Id.*, 720(A)(3); *see also* 42 Pa.C.S.A. § 5505 (stating, in relevant part, that, "[e]xcept as otherwise provided or prescribed by law, a court … may modify or rescind any order

within 30 days after its entry"). "Our courts have strictly interpreted this requirement as creating a jurisdictional deadline." ***Commonwealth v. Jackson***, 30 A.3d 516, 522 (Pa. Super. 2011).

Patterson filed no post-sentence motion or notice of appeal within the prescribed time periods. Thus, Patterson's judgment of sentence became final thirty days after its entry, thereby depriving the trial court of jurisdiction over his Motion to withdraw the guilty plea. ***See id.*** However, our analysis does not end at this point.

Our review discloses that Patterson, by his Motion, sought relief that is within the purview of the Post Conviction Relief Act ("PCRA").[2] For example, a claim that "[a] plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent"; and/or "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place"; are cognizable under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(ii)-(iii); ***see also Commonwealth v. Lynch***, 820 A.2d 728, 731-32 (Pa. Super. 2003) (recognizing that, "[i]f the ineffective assistance of counsel caused the defendant to enter an involuntary or unknowing plea, the PCRA will afford the defendant relief."). The plain language of the PCRA

---

[2] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

mandates that claims which could be brought under the PCRA, must be brought under the PCRA. ***Commonwealth v. Duncan***, 237 A.3d 1171, 1173 (Pa. Super. 2020).

Here, Patterson filed his Motion to withdraw the guilty plea within the one-year jurisdictional time limit of the PCRA. ***See*** 42 Pa.C.S.A. § 9545(b)(1) (requiring any PCRA petition to be filed within one year of when the judgment of sentence becomes final). Because Patterson's claim could be brought under the PCRA, the trial court erred in not considering Patterson's Motion as a timely-filed request for relief under the PCRA. We therefore reverse the Order of the trial court, and remand for further proceedings under the PCRA.[3]

Order reversed. Case remanded for further proceedings. Superior Court jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/12/2021

---

[3] On remand, Patterson may file an amended PCRA petition, which includes all requests for relief within the jurisdiction of the PCRA.

- 5 -