J-S17005-23

2023 PA Super 123

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHIHEIM N. ASBURY | : | |
| | : | |
| Appellant | : | No. 907 WDA 2022 |

Appeal from the Judgment of Sentence Entered September 2, 2021
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0001113-2019

BEFORE: LAZARUS, J., OLSON, J., and KING, J.

OPINION BY LAZARUS, J.: **FILED: July 12, 2023**

Shiheim N. Asbury appeals from the judgment of sentence entered in the Court of Common Pleas of Crawford County. After our review, we affirm.

On October 11, 2019, Meadville City Police Department charged Asbury with two counts of rape by forcible compulsion.[1] Asbury was sixteen years old when he committed the offenses, which occurred on June 17, 2018, and July 7-8, 2018. With respect to the June 2018 offense, Asbury used a firearm and, therefore, it could not be considered a delinquent act under the Juvenile Act.[2]

---

[1] 18 Pa.C.S.A. § 3121(a)(1).

[2] 42 Pa.C.S.A. §§ 6301, *et seq*. Section 6302 of the Judicial Code defines a "delinquent act," as follows:

> (1) The term means an act designated a crime under the law of this Commonwealth, or of another state if the act occurred in that state, or under Federal law, or an act which constitutes indirect criminal contempt under Chapter 62A (relating to protection of victims of sexual violence or intimidation) with respect to sexual

*(Footnote Continued Next Page)*

Accordingly, the charge was filed directly in criminal court. With respect to the July 2018 offense, the 71-year-old victim, who suffered from medical conditions and required the use of a walker, was unable to physically resist the assault. That case was originally filed in juvenile court and later certified to criminal court.

On June 10, 2021, Asbury entered a guilty plea to two counts of rape by forcible compulsion. In that agreement, Asbury and the Commonwealth stipulated that the court would determine whether Asbury was required to register as a sex offender pursuant to the Sex Offender Registration and Notification Act (SORNA).[3] The Commonwealth later withdrew its request that

_____

violence or 23 Pa.C.S. Ch. 61 (relating to protection from abuse) or the failure of a child to comply with a lawful sentence imposed for a summary offense, in which event notice of the fact shall be certified to the court.

(2) **The term shall not include**:

(i) The crime of murder.

(ii) **Any of the following prohibited conduct where the child was *15 years of age or older at the time of the alleged conduct and a deadly weapon as defined in 18 Pa.C.S. § 2301 (relating to definitions) was used during the commission of the offense* which, if committed by an adult, would be classified as**:

(A) **Rape as defined in 18 Pa.C.S. § 3121** (relating to rape).

42 Pa.C.S.A. § 6302(1), (2)(ii)(A) (emphasis added).

[3] ***See*** 42 Pa.C.S.A. §§ 9799.10–9799.41. SORNA was amended by Act of Feb. 21, 2018, P.L. 27, No. 10, §§ 1-20, effective Feb. 21, 2018 (Act 10 of 2018), *(Footnote Continued Next Page)*

Asbury be required to register with respect to the July 2018 offense, which had initially been charged as a delinquent act and, thereafter, certified to criminal court.[4]

Prior to sentencing, the trial court ordered the parties to brief the issue of whether Asbury, who was under the age of 18 at the time he committed these offenses, must register as a sex offender. Additionally, the court ordered the Sexual Offenders Assessment Board (SOAB)[5] to conduct an assessment of Asbury to determine if he met the criteria for classification as a sexually violent predator (SVP) under Pennsylvania law. The SOAB conducted an assessment on August 12, 2021, and concluded Asbury met the criteria to be classified as an SVP. The court entered an order in conformity with that assessment. *See* SVP Order, 9/2/21.

On September 21, 2021, the court sentenced Asbury, pursuant to the plea agreement, to 60 to 120 months' imprisonment. The court also notified Asbury of his lifetime reporting requirements as an SVP under SORNA II.

---

and again, reenacted and amended on June 12, 2018, P.L. 140, No. 29, §§ 1-23, effective June 12, 2018 (Act 29 of 2018). Act 10 and Act 29 are collectively referred to as SORNA II. Based on Asbury's offense date, June of 2018, SORNA II, specifically Subchapter H, is applicable here.

[4] *See* Commonwealth's Supplemental Memorandum, 7/2/21, at 7 n.4.

[5] The SOAB is "composed of psychiatrists, psychologists[,] and criminal justice experts, each of whom is an expert in the field of the behavior and treatment of sexual offenders." 42 Pa.C.S.A. § 9799.35(a).

Asbury filed this timely appeal. Both Asbury and the trial court have complied with Pa.R.A.P. 1925.

Asbury raises one issue for our review: "Whether the trial court imposed an illegal sentence of SORNA lifetime registration where Asbury was convicted as an adult of acts committed when Asbury was a juvenile?" Appellant's Brief, at 4. Specifically, the issue here is whether a juvenile, who is charged and convicted of an offense that is statutorily excluded from the definition of "delinquent act," and that is filed directly in criminal court, is exempt from sex offender registration.[6]

Challenges to the legality of a sentence present pure questions of law. Our standard of review, therefore, is *de novo* and our scope of review is plenary. ***Commonwealth v. Rodriquez***, 174 A.3d 1130, 1147 (Pa. Super. 2017) (citations omitted). We are guided here by our Supreme Court's decision in ***In re J.B.***, 107 A.3d 1, 19-20 (Pa. 2014), and this Court's decision in ***Commonwealth v. Haines***, 222 A.3d 756, 759 (Pa. Super. 2019).

In ***J.B.***, juvenile sexual offenders raised several constitutional challenges to SORNA's application, including a claim that it violated their due process rights by utilizing an irrebuttable presumption that all juvenile offenders "pose a high risk of committing additional sexual offenses." ***J.B.***, 107 A.3d at 15-16. The Court stated that the challenging party must

---

[6] The Commonwealth notes that it is aware of no authority concluding that SORNA II registration is unconstitutional as applied to juveniles convicted of strictly criminal offenses. **See** Commonwealth's Brief, at 15. This Court, as well, has found no case law directly on point.

demonstrate: (1) an interest protected by the due process clause; (2) utilization of a presumption that is not universally true; and (3) the existence of a reasonable alternative means to ascertain the presumed fact. *Id.* Applying this outline to the facts in *J.B.*, the Court concluded that the petitioners had "asserted a constitutionally protected interest in their reputation that ha[d] been encroached by the use of [the] irrebuttable presumption," and that application of SORNA's lifetime registration requirements upon adjudication of specified offenses violates juvenile offenders' due process rights by "utilizing an irrebuttable presumption" of a high likelihood of recidivism, even though that presumption is not "universally true." *Id.* at 17. *See also id*. at 17-19 (Court concluding scientific consensus relating to adolescent development, as recognized through United States Supreme Court's jurisprudence, refuted legislative presumption that all juvenile offenders were at high risk of recidivation). Finally, the Court determined that there was a reasonable alternative for assessing risk of reoffense, stating, "in fact, [it] is already in use in Pennsylvania[;] SORNA provides for individualized assessment for all sexual offenders convicted of a Tier I, II, or III offense by the SOAB for designation of sexually violent predators." *Id.* at 19. The Court concluded: "Given that juvenile offenders have a protected right to reputation encroached by SORNA'S presumption of recidivism, where the presumption is not universally true, and where there is a reasonable alternative means for ascertaining the likelihood of recidivating, we hold that the application of SORNA's current lifetime registration

requirements upon **adjudication** of specified offenses violates juvenile offenders' due process rights by utilizing an irrebuttable presumption." ***Id.*** (emphasis added).

Thereafter, in ***Haines***, this Court determined that the ***J.B.*** Court's holding should apply with equal weight to juvenile adjudications as well as to a defendant convicted as an adult for crimes committed as juveniles. Asbury cites to ***Haines*** to support his argument that he should not be required to register as a sex offender. In that case, between the years 2005 and 2006, when Haines was between the ages of fourteen and fifteen, she sexually assaulted a person under the age of thirteen. The victim did not disclose the offenses, which were classified as delinquent acts under section 6302, until 2016, when Haines was over the age of twenty-one. Haines claimed that requiring her to register as a sex offender for offenses she had committed as a juvenile constituted cruel and unusual punishment and violated the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 9, of the Pennsylvania Constitution. This Court, relying on ***J.B.***, stated:

> Clearly, **under *J.B.*, had [Haines] been adjudicated delinquent at that time, no registration requirement would apply to her.** [Haines'] subsequent conviction of the sexual offenses when she was an adult does not diminish the fact that she was a juvenile at the time of their commission, and because of that, **she should not be held to an irrebuttable presumption of reoffending at age 26**. ***J.B.* requires us to analyze [Haines'] behavior at the time the offenses were committed.** For these reasons, we find that the ***J.B.*** [C]ourt's holding **should apply with equal weight to juvenile**

> **adjudications as well as to defendants convicted as adults for crimes committed as juveniles.**

*Haines*, 222 A.3d at 759 (emphasis added). The *Haines* Court also noted that our Supreme Court in *J.B.* referenced the United States Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012), to corroborate an "inherent understanding of the fundamental differences between adults and children[.]" *Haines*, 222 A.3d at 758 (citing *Miller*, 567 U.S. at 471).

*Haines* is instructive, but not on point. Even though, like Haines, Asbury was a juvenile at the time of the commission of the June 2018 offense, unlike in *Haines*, Asbury committed a criminal act, not a delinquent act, a critical distinction here. *See Commonwealth v. Ramos*, 920 A.2d 1253, 1258 (Pa. 2007) (enumerated section 6302 crimes deemed so heinous that they are not considered delinquent acts under statute and are appropriately filed with criminal court where exclusive jurisdiction vests and is presumptively proper). *See also In the Int. of J.C.*, 286 A.3d 288, 295-96 (Pa. Super. 2022) (discussing difference between those "heinous" crimes excluded from list of delinquent acts in section 6302 and inherent authority of juvenile court to adjudicate individual delinquent of delinquent act). We agree with the Commonwealth's argument that the holding in *Haines* is premised on a juvenile offender who committed **delinquent acts** at the time of offending, **not criminal acts**, as Asbury committed here. *See Commonwealth v. Zeno*, 232 A.3d 869 (Pa. Super. 2020) (where defendant was alleged to have committed delinquent acts at ages 14 and 16, and cases

were later transferred to criminal court, defendant was not required to register under SORNA).[7]  *Cf. Commonwealth v. Armolt*, --- A.3d ---  2023 WL 3470889 (Pa. filed May 16, 2023) (defendant who committed involuntary deviate sexual intercourse and related crimes as juvenile, but was not charged until he was 42 years old, was not "child" under Juvenile Act and, thus, was subject to criminal court's jurisdiction).

The *Haines* Court stated that the holding in *J.B.* should apply with equal weight to defendants convicted as adults for crimes committed as juveniles. *J.B.*'s holding, however, stems from the premise that, as a matter of due process, a juvenile should not be held to an **irrebuttable presumption of reoffending**.  *See Haines*, 222 A.3d at 759; *see also In re J.B.*, 107 A.3d at 14.  The *J.B.* Court stated SORNA's registration requirements violated due process because they "improperly brand" juvenile offenders' reputations "with an indelible mark of a dangerous recidivist even though the irrebuttable presumption linking adjudication of specified offenses with a high likelihood of recidivating is not 'universally true.'" *Id.* at 19.

The Commonwealth argues that Asbury's own actions eliminated that due process argument, as he reoffended within weeks of the June 2018 rape. We are inclined to agree.

---

[7] As stated above, the Commonwealth withdrew its request that Asbury be required to register with respect to the July offense, a delinquent act, which, like in *Zeno*, originated as a delinquency charge in juvenile court and was later certified to criminal court.  *See supra* at 2-3.

In **J.B.**, the Court recognized the exception presented here, stating:

We note that the category of "individual convicted of a sexually violent offense" in 42 Pa.C.S. § 9799.24(a) generally refers to adults **but will also include certain juveniles prosecuted in criminal court. Specified juveniles are automatically subject to criminal prosecution, rather than delinquency adjudication, if they were at least fifteen years old when they allegedly committed the relevant crimes of rape, involuntary deviate sexual intercourse, or aggravated indecent assault (or the related inchoate crimes) and the crime was committed with a deadly weapon** or if they have previously been adjudicated delinquent of such offense, subject to transfer to juvenile court if in the public interest. **Id.** [at] §§ 6322(a) ("Transfer from criminal proceedings"); 6302(2) (listing crimes not included in "delinquent acts"). Additionally, a juvenile who is at least fourteen years old at the time of the relevant conduct is subject to transfer from juvenile court if "there are reasonable grounds to believe that the public interest is served by the transfer of the case for criminal prosecution." **Id.** [at] § 6355(a)(4)(iii). **These provisions will exempt from the term "juvenile offender" some of the more dangerous youths, _who will instead be subject to SORNA as individuals convicted of sexual violent offenses_**. **Id.** [at] § 9799.13.

**J.B.**, **supra** at 8 n.14 (emphasis added). **See also Armolt**, **supra** at \*7 ("In light of the stated purposes of the Juvenile Act to protect the community and hold the offender accountable, it would be unreasonable to conclude the General Assembly intended for the Act to subvert an offender's accountability in the name of rehabilitation. Rather, it is clear to us that the legislature intended to equally balance the desire for rehabilitation with the need for community protection and offender accountability, and did not intend for the Act to be weaponized to preclude accountability[.]"). Thus, although the Supreme Court's holding in **J.B.** and this Court's holding in **Haines** applies to

juvenile offenders subject to lifetime registration, we are unable to find any cases extending those holdings to the particular facts here, where Asbury committed a criminal act, not a delinquent act, and the statutory provisions exempted him from the term "juvenile offender," and instead subjected him to SORNA as [an] individual[] convicted of sexual violent offenses." *See J.B.*, *supra* at 8 n.14; *see also In re Huff*, 582 A.2d 1093, 1098 (Pa. Super. 1990) ("Our legislature has created a separate legal system for the adjudication of juvenile offenders.").

Finally, we note that since *J.B.*, our Supreme Court held in *Commonwealth v. Butler*, 226 A.3d 972 (Pa. 2020) ("*Butler II*"), that the registration requirements of Subchapter H applicable to SVPs do **not** constitute punishment. *Id.* at 993 (emphasis added). Notably, in enacting SORNA II, the General Assembly expressed its intention and declaration of policy as "**a means of assuring public protection and shall not be construed as punitive**." 42 Pa.C.S.A. § 9799.11(b)(2) (emphasis added). Thus, Asbury's argument that registration constitutes cruel and unusual punishment is meritless. *Cf. Commonwealth v. Cotto*, 753 A.2d 217, 223 (Pa. 2000) ("[T]he special treatment provided to criminal offenders by the Juvenile Act is not a constitutional requirement. It is a statutory creation.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/12/2023